## MERIDEN STEAM MILL LUMBER COMPANY vs. GUY.

Where a negotiable note, not yet due, is endorsed by the payee and held by an endorsee, the endorsee and not the endorser is the creditor of the maker in the sense in which that term is used in the statute with regard to the estates of deceased persons.

And it makes no difference that the note was given to the endorser for goods sold and that the account is not extinguished until the note is paid.

Where in such a case the maker dies before the note has matured and the probate court orders a limitation of the time for presenting claims against his estate, and the endorser is afterwards compelled to pay the note, he then for the first time becomes the "creditor" upon the note, and as such is entitled to the extended time allowed (Gen. Statutes, tit. 20, sec. 44,) in cases where a right of action accrues after the death of the debtor.

ASSUMPSIT on two promissory notes; brought to the City Court of the city of Meriden an 1 tried on the general issue, with notice, closed to the court, before Coe, J.

The defendant was sued as administrator of the estate of Samuel B. Morgan, by whom the notes were made. One note was for $130, dated April 18th, 1871; the other for $76, dated May 22d, 1871. Both were payable to the order of the plaintiffs, in four months, at the First National Bank of Meriden, and were given in payment of a balance of accounts for goods sold, in favor of the plaintiffs; the first mentioned note being for such a balance due the plaintiffs from Morgan & Williams, a firm of which the intestate was a member, and the latter for a balance due from the intestate himself.

Samuel B. Morgan died on the 13th of June, 1871, and on the 19th of June, the defendant was appointed administrator on his estate. Six months were allowed from the 19th of June, by the probate court, for the presentation of claims against the estate, and due notice was given of the same. The estate was represented to be solvent, and was in fact solvent, there remaining, after the payment of all claims presented in the time limited, about the sum of four thousand dollars.

Between the time of the giving of the notes and the time of the death of Morgan, the notes were indorsed by the plaintiffs, and were discounted for them by the Home National

Bank of Meriden. The notes were not paid when due, and were duly protested for non-payment and were subsequently taken up by the plaintiffs.

Within the six months' limitation neither of the notes, nor any claim upon them in writing, was presented to the defendant in favor of the plaintiffs. Their agent however told the defendant on three different occasions that the plaintiffs had two notes against the estate, but of the amount and dates of the notes and when due the defendant was not informed. On the last occasion the defendant told the agent that if the plaintiffs had any claim against the estate it must be presented. This was about two months before the expiration of the six months limited.

On the first day of April, 1872, the notes were first shown to the defendant, who then refused to pay them on the ground that they had not been presented within the six months' limitation. The defendant subsequently, on being requested to pay them, said he would write to the heirs of the estate about them. A little later he notified the plaintiffs that the heirs refused to pay them. On the 5th of April, 1872, the claim was formally presented in writing by the plaintiffs to the defendant as administrator.

Upon these facts, which were specially found by the court, the plaintiffs claimed that they had in fact made a sufficient presentation of the claim to the defendant as administrator, within the six months limited by the court of probate, and that, if they had not, they were not debarred by the limitation, and had the right to present the claim at any time within twelve months from the time when they paid the amount of the notes to the Home National Bank, and requested the court so to hold; but the court held otherwise and rendered judgment for the defendant. The plaintiffs then brought a writ of error to the Superior Court in New Haven County, by which court the case was reserved for the advice of this court.

*Lounsbury*, for the plaintiffs in error.

1. The claim, upon the facts found, was sufficiently exhib-

ited to the administrator during the six months' limitation. No formal presentation is necessary, but any presentation which will enable the administrator to understand it, is sufficient. *Am. Board of Foreign Missions' Appeal from Probate*, 27 Conn., 352.

2. Contingent claims, where there is not a present right of action, may be exhibited at any time within twelve months after the right of action accrues. *Griswold* v. *Bigelow*, 6 Conn., 258, 264; *Hawley* v. *Botsford*, 27 id., 83; *Thorp* v. *Bacon*, id., 260.

3. This claim was as to the plaintiffs wholly contingent. They had no claim whatever at the time of the death of Mr. Morgan, and *non constat* that they ever would have. This depended entirely upon whether the notes should be paid at maturity by Mr. Morgan's representative, and, if not, upon legal demand and notice being given; and upon the fact of actual payment of the notes by the plaintiffs. The plaintiffs of course had no right of action upon the notes so long as they were owned and held by the bank. Nor had they any right of action upon their original account, for which the notes were given, and could not be regarded as creditors by reason of that account. By the giving and receiving of the notes, the right of action upon the original demand was taken away, or suspended, until the notes matured; or, since they had been transferred, and were outstanding in the hands of a third person, until they were paid and taken up, that is, repurchased, by the plaintiffs.

*O. H. Platt*, for the defendant in error.

1. The notes were given for an existing indebtedness for goods sold, and were not received as payment; consequently the original debts had not been extinguished; they were each in existence as "claims" against Morgan at the time of his decease. *Bill* v. *Porter*, 9 Conn., 23; *Fairchild* v. *Holly*, 10 id., 474; *Clark* v. *Savage*, 20 id., 258; *Freeman* v. *Benedict*, 37 id., 559. The endorsement and delivery of the notes to the Home Bank during the life time of Morgan, could not operate as payment of the original debts. *Davidson* v.

*Bridgeport,* 8 Conn., 472. While in many of the other states it has been held that the transfer of a note given and received under such circumstances suspends the right of action while the note is outstanding in the hands of a third party, our own courts have never yet gone to that extent. The limit of the rule in this state is to suspend the right of recovery merely; the suit may be brought while the notes are outstanding, but they must be obtained by the payee, produced on trial, and cancelled, in order to a recovery. *Bill* v. *Porter,* 9 Conn., 23; *Clark* v. *Smith,* id., 385; *Davidson* v. *Bridgeport,* 8 id., 477.

2. The claim is not of the character intended by the statute in its provision for cases " where the right of action accrues after the death." Gen. Statutes, tit. 20, sec. 44. This section is to be construed in connection with section 43, and the true construction to be put upon them, thus taken together, is, that all " claims" which at the time of the decease of the debtor have become so far fixed and ascertained that the amount of the same is definitely known, must be presented within the time limited by the court of probate, and the creditor neglecting to exhibit his " claim" is forever debarred of his " demand." The immemorial practice in this state under these sections has been for a creditor who has a claim for goods sold on a credit which has not expired at the decease of the debtor, or a note given on time not due at his decease, to present the same within the time limited. It is also so in New York. *Matter of Whitlock's estate,* 1 Tucker, 491; *Hoyt* v. *Bonnett,* 58 Barb., 529. The true meaning of the statute is, that all claims of whatever nature that *can* be presented, *must* be presented, and this construction is sanctioned by universal usage and custom. The only claims that can be presented after the time limited has expired, are those claims which are *purely contingent* and have *no existence* at the decease of the debtor, on which no right of action has ever existed, and which only become " claims" upon the happening of an entirely uncertain future event, which therefore the creditor cannot present, and the administrator cannot make provision for. *Backus* v. *Cleveland,* Kirby, 36; *Pendle-*

*ton* v. *Phelps*, 4 Day, 476; *Griswold* v. *Bigelow*, 6 Conn., 258; *Pease* v. *Phelps*, 10 id., 62; *Hawley* v. *Botsford*, 27 id., 80; *Thorp* v. *Bacon*, id., 260, 266. The notes and the charges on book were both for the same "demand," and it would render the statute nugatory to say that although the "demand" of the plaintiffs had become barred, because their "claim" therefor was not presented in six months, yet it revived when upon resuming the notes they became possessed of a technical right of action upon them. This case is entirely different from the case where a right of action accrues to the second endorser against the first endorser or the drawer, after the death of the drawer, which is wholly and purely contingent, and originates after the decease of the drawer.

SEYMOUR, J. This action is founded upon two negotiable promissory notes made by the deceased to the plaintiffs, the consideration of the notes being the balance of accounts due the plaintiffs from the deceased individually and from him as member of the firm of Morgan & Williams. The notes were transferred by indorsement to the Home National Bank of Meriden before Mr. Morgan's death, and continued to belong to the bank a considerable time after his death, precisely how long does not appear. They were duly protested for non-payment, and before this suit was brought had been taken up by the plaintiffs.

The defendant relies for his defence upon the statute (Gen. Statutes, title 20, sec. 44,) which provides in substance that if any creditor shall neglect to exhibit his claim within such time as the court of probate shall limit for that purpose, he shall be forever barred of his demand, &c.

It is conceded that the proper court of probate made the usual decree in such cases, limiting a time for the exhibition of claims against the estate of the deceased, and that the decree was duly published; and for the purposes of this case it must be conceded that the claim of the plaintiffs upon the notes in suit was not presented within the time limited.

It is also conceded that at the time the order of limitation

was made, and for a long time thereafter, the Home Bank was the holder and owner of the notes; so that the point in dispute is this, whether the plaintiffs were creditors of the deceased in respect to these notes, or in respect to the consideration of the notes, at the time the order of limitation was made, so as to be within the provisions of the statute and to be barred by its action.

As to the notes themselves, it seems very clear that the plaintiffs were not the owners of them and that they were not in their possession, and clear therefore that they could not present the notes to the administrator for payment. If it be said that the plaintiffs by taking up the notes at the bank might make them their own and repossess themselves of them, the answer is, that the primary duty of payment pertained to the maker and not to the plaintiffs as indorsers. In respect to the notes themselves the bank, so long as it held them, was the creditor, and not the plaintiffs.

But the defendant strenuously urges that taking of notes for a debt is by Connecticut law no payment or merger of the original indebtedness, and that therefore the plaintiffs continued to be creditors in respect to the original indebtedness, after the notes were made, and also after they had been transferred to the bank. But though it be true, as the defendant says, that giving notes for a debt is no payment of the debt, yet notes thus given, while they remain outstanding, are the true representatives of the debt, and if such notes, being negotiable, are transferred, the legal interest in them and in the debt which they represent is transferred. During the period the bank held these notes the debt represented by the notes did not belong to the plaintiffs. They were not entitled to receive it. They could not discharge it. The estate was not their debtor, and they were not its creditor. They were not bound to present to the administrator a claim the title to which was not in them and over which they had no right to exercise any control.

We think a cause of action accrued to the plaintiffs upon these notes when they as indorsers were compelled to pay them, and that they are entitled to the privilege of exhibiting

them to the administrator within twelve months after that time, agreeably to the provisions of a subsequent part of the same statute above referred to.

The judgment of the City Court upon the facts found by that court was therefore manifestly erroneous, and the Superior Court is so advised.

There is an obvious informality in the manner in which the case came to the Superior Court, but no exception was taken on the ground of that informality. We therefore treat it as waived, thinking, as we do, that justice clearly requires that the judgment complained of should not stand.

In this opinion the other judges concurred.